UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| Plaintiff, | ) | CASE NO.: 1:23 CR 449 |
| | ) | |
| vs. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| MAURICE PAYNE, AKA "JP", | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Motion of the United States to Revoke Order of Release of Defendant, Maurice Payne. (ECF #35). Defendant's counsel has submitted a letter with exhibits in opposition.

**Procedural History**

A Six Count Indictment was filed against Mr. Payne in the Northern District of Ohio on August 23, 2023, charging him with Conspiracy to Distribute and Possess with Intent to Distribute Cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A), and (b)(1)(C); International Money Laundering Conspiracy in violation of 18 U.S.C. §§ 1956(a)(2)(B)(i) and (h); Interstate Travel in Aid of Racketeering in violation of 18 U.S.C. § 1952(a)(3); and two Counts of Use of a Communications Facility to Facilitate a Felony Drug Offense in violation of 21 U.S.C. § 843(b). The Indictment details how Defendant obtained more than 60 kilograms of cocaine from Mexico in the Northern District of Ohio, laundered more than $2 million in drug proceeds back to Mexico and was in direct communication with his drug supplier in Mexico. Despite knowing of his

indictment since at least September 29, 2023, as evidenced by his request for information, Defendant did not turn himself in. After a considerable search by the U.S. Marshal, Defendant was arrested in the Northern District of Georgia ("NDGA") on January 8, 2024.

On January 9, 2024, Defendant appeared before Magistrate Judge Linda T. Walker of the Northern District of Georgia for his initial appearance and a detention hearing. Prior to the hearing the Pretrial Services Department of the NDGA interviewed Defendant and issued a report recommending bond with certain conditions. Defendant reported that he has lived in Decatur, GA since 2020 with his wife and children. He reported some but not all of his recent international travel. Defendant stated that he has a construction business in Ohio but that the truck has been down for 5 months and he does not have any construction work at this time. Defendant stated that he is a partner in an entertainment company but has not earned any income from the company yet. None of the information provided by Defendant was verified. The United States moved for detention proffering three exhibits, the Indictment, Defendant's international travel records and the document request Defendant sent to this Court. Defendant proffered that he had an LLC in Ohio– his construction company. The United States argued that Defendant had not rebutted the presumption of detention. Magistrate Judge Walker ordered that Defendant be released on a $200,000 property bond with standard conditions, including GPS monitoring and home detention. The United States' sought a stay of the release order which Magistrate Judge Walker granted for 24 hours.

**Analysis**

The United States moves to revoke the Order of Release pursuant to 18 U.S.C. § 3145 which provides in part "[i]f a person is ordered released by a magistrate, or by a person other than

by a judge of a court having original jurisdiction over the offense... the attorney for the government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release." 18 U.S.C. § 3145(a)(1). The Court having original jurisdiction over the offense is the district court in the prosecuting district. *U.S. v. Torres*, 86 F.3d 1029, 1031 (11th Cir. 1996). A district court reviews the release order of a Magistrate Judge de novo. *United States v. Eckenrode* 2013 WL 257052 (N.D. Ohio Jan. 23, 2013); *United States v. Fitzhugh*, 2016 WL 4727480 (E.D. Mich. Sept. 12, 2016).

The Bail Reform Act requires detention upon a finding that "no condition or combination of conditions will reasonably assure the appearance of the person. . . and the safety of any other person and the community." 18 U.S.C. §3142(e)(1). In order to justify detention, an inability to reasonably assure the safety of any person and the community must be shown by clear and convincing evidence. *See United States v. Hinton*, 113 F. App'x 76, 77 (6th Cir. 2004). A risk of flight can be established by a preponderance of the evidence. *Id.* If there are no conditions of release sufficient to eliminate the defendant's risk of flight and danger to the community, then the court is required to order the defendant detained pending trial. 18 U.S.C. §3142(e)(1).

When a defendant has been indicted for a drug crime carrying a maximum penalty of 10 years imprisonment or more, there is a legal presumption that he poses a danger to the community and is a flight risk, and, therefore, should be detained. 18 U.S.C. §3142(e)(3)(A); *United States v. Hare*, 873 F.2d 796, 798-99 (5th Cir. 1989). When the presumption is in place, the defendant bears the burden of producing some evidence that he does not pose a danger to the community or pose a flight risk. *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). Further, the presumption does not disappear once some contrary evidence has been presented, but rather retains evidentiary

weight in a balancing of all available information. *United States v. Dillon*, 938 F.2d 1412, 1416 (1st Cir. 1991); *United States v. Gray*, 20 F. App'x 473, 475 (6th Cir. 2001). In this case, the only exhibit offered by Defendant to rebut the presumption of detention was the fact that he has an active LLC in Ohio since 2018 for his construction business. The fact that Mr. Payne has an active LLC for a business that has been on hold for at least five months because of broken truck does not really show that he is not a flight risk or a continued danger in the community. Particularly here where the indictment details repeated travel to Ohio solely to distribute drugs and launder the proceeds.

Sub-section (g) of 18 U.S.C. §3142 sets forth the factors a court should consider when determining whether there are "conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community," or whether detention is warranted. These include:

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including –

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

>   (4)  the nature and seriousness of the danger to any person or the community that would be posed by the person's release.  In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

18 U.S.C. §3142(g).

Considering these statutory factors, the Government has demonstrated by clear and convincing evidence that there is no condition or combination of conditions that would ensure the safety of others or the community if Mr.Payne were to be released on bond.  Mr. Payne is charged with drug trafficking crimes in violation of 21 U.S.C. §841(a)(1) and (b)(1)(A) and 846, wherein he is accused of receiving more than 60 kilograms of cocaine for distribution and laundering more than $2 million in drug sales proceeds. The "purchase and sale of narcotics is an inherently dangerous activity" and poses a danger to the community. *United States v. Bethea*, 763 F.Supp.2d 50, 54 (D.D.C. 2011). Thus, the nature of the crimes here, particularly the scale of the crimes, suggests a serious danger to others and the community, and the evidence against Defendant is strong.

Mr. Payne does have some characteristics such as his family ties, limited criminal history consisting of one felony firearm conviction, and no history of mental health treatment, substance abuse history or treatment that might, in other circumstances, weigh in favor of bond. However, Defendant's wife and children did not stop his interstate travel to Ohio to engage in dangerous drug trafficking conduct. Moreover, Defendant traveled regularly to international destinations, and did not disclose to pretrial services all of his international travel. He also denied having a US

passport. This begs the question–how did he travel without a passport?  Further, his interview with pretrial services indicates that he has no business income lately but the investigation revealed his access to large quantities of cash, which is largely untraceable. There is no telling how much cash Defendant has access to at this time. He very likely has the means to flee from prosecution, and now that he is aware of the specific charges and the penalties he faces, he has the motivation to flee.

## Conclusion

Based upon the evidence presented, the Court finds that the United States clearly proved Defendant's risk of flight by a preponderance of the evidence and that there is clear and convincing evidence sufficient to show that there is no condition or combination of conditions that could adequately protect individuals and the community from danger if Mr. Payne were to be released pending trial.  Accordingly, the Motion of the United States to Revoke Order of Release is GRANTED. (ECF #35)  Mr. Payne is hereby ordered to be detained.

IT IS SO ORDERED.

 /s/ *Donald C. Nugent*
DONALD C. NUGENT
United States District Judge

DATED  January 10, 2024